**SONG CHONG ZHAO, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–1624–ag.**

United States Court of Appeals, Second Circuit.

Sept. 28, 2006.

Michael Brown, New York, New York, for Petitioner.

Steven M. Biskupic, United States Attorney; Susan M. Knepel, Assistant United States Attorney, Milwaukee, Wisconsin, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Song Chong Zhao, a native and citizen of the People's Republic of China, seeks review of a March 29, 2006 order of the BIA denying his motion to reconsider its January 18, 2006 decision affirming the October 15, 2004 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Song Chong Zhao,* No. A 79 741 452 (B.I.A. March 29, 2006), *aff'g* No. A 79 741 452 (B.I.A. Jan. 18, 2006), *aff'g* No. A 79 741 452 (Immig. Ct. N.Y. City Oct. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion reconsider, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Zhao's motion to reconsider its January 2006 decision. Even assuming that Zhao did not raise an ineffective assistance of counsel claim in his motion that would have required compliance with *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988), the BIA properly denied his motion on alternate grounds. The BIA found that Zhao failed to establish any legal or factual error in its

decision to warrant reconsideration. This finding was appropriate given that the BIA clearly indicated in its prior decision that it had upheld the IJ's adverse credibility finding based on Zhao's failure to address the numerous inconsistencies in the record, and Zhao merely repeated the challenge to this finding by expanding on the conclusory statements made in his appellate brief. *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). Thus, the BIA properly denied Zhao's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao,* 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.